B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Ahmed H Zubair | Fay Servicing, LLC et. al  BANK OF AMERICA |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Pro Se Debtor | Courtney R Williams, Esq. GROSS POLOWY, LLC |

**PARTY** (Check One Box Only)
- ☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor    ☐ Other
- ☐ Trustee

**PARTY** (Check One Box Only)
- ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor    ☑ Other    Party with no locus
- ☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Ref Property 90 Bruce Ave, Yonkers, NY 10705:    Courtney R Williams, Esq., GROSS POLOWY, LLC, has committed fraud on Court as she represents Fay Servicing which is not the secured creditor by their own following identification: Attorneys for Secured Creditor, Fay Servicing, LLC as servicing agent for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as fiduciary for Hilldale Trust".    Courtney R Williams has presented no evidence of who she in fact represents and a subpoena for her to disclose alleged loan details is in progress.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
Grant relief from claims of Hilldale Trust, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Fay Servicing, LLC and all others claiming to be Secured Creditors AND Order to proceed with Quite Title Action

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Ahmed H Zubair | BANKRUPTCY CASE NO.<br><br>20-22057-shl | |
| DISTRICT IN WHICH CASE IS PENDING<br>United States Bankruptcy Court -Southern District of NY | DIVISION OFFICE | NAME OF JUDGE<br>Sean H. Lane |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>Ahmed H Zubair | DEFENDANT<br>Fay Servicing, LLC et. al | ADVERSARY<br>PROCEEDING NO.<br>1:20-cv-01308-CM |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>United States District Court - Southern District of NY | DIVISION OFFICE | NAME OF JUDGE<br>Colleen McMahon |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>Ahmed H Zubair   Pro Se | | SEPT 17 2020 |
| DATE<br><br>July 19th   2020    / SEPT 17 2020 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Ahmed H Zubair   Pro Se |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In RE:                                          **ADVERSARY PROCEEDINGS**

Ahmed Husain Zubair

                                                Case No.:  20-22057-shl

Plaintiff                                            (Chapter 13)

                                                Assigned to:

                                                Hon. Sean H. Lane

                                                Bankruptcy Judge

I, Ahmed H. Zubair (hereinafter "Plaintiff"), submit this Complaint against:

(1) **Courtney R. William Esq.**, Fay Servicing, LLC as servicing agent for Wilmington
    Savings Fund Society, FSB, d/b/a Christiana Trust—not individually, but as trustee for
    Hilldale Trust (hereinafter "Alleged Creditor"), and

(2) **Bank of America**, (hereinafter "Defendant").

This Adversary Proceeding (with respect to Plaintiff's ongoing Chapter 13 Bankruptcy filing under
Case No. 20-22057-shl) is initiated to protect the Plaintiff's residential home, the real property
commonly known as 90 Bruce Avenue, Yonkers, NY 10705.

Yours,

Ahmed H. Zubair (Plaintiff)

*Pro Se* Debtor

90 Bruce Ave

Yonkers, NY 10705

**TO:**

| | |
|---|---|
| Krista M. Preuss | Chapter 13 Trustee |
| Chapter 13 Standing Trustee | |
| 399 Knollwood Road | |
| White Plains, NY 10603 | |
| | |
| United States Trustee | U.S. Trustee |
| Office of the United States Trustee | |
| U.S. Federal Office Building | |
| 201 Varick Street, Room 1006 | |
| New York, NY 10014 | |
| | |
| Stephani A. Schendlinger, Esq. | Attorney for Creditor |
| Ras Crane, LLC | |
| 10700 Abbott's Bridge Road, Suite 170 | |
| Duluth, GA 30097 | |
| | |
| Courtney R. Williams, Esq. | Fay Servicing, LLC/ Wilmington |
| Gross Polowy, LLC | Savings Fund Society, FSB, |
| 1775 Wehrle Drive, Suite 100 | d/b/a Christiana Trust as Trustee of |
| Williamsville, NY 14221 | Hilldale Trust |

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In RE:**<br><br>**Ahmed Husain Zubair,**<br><br>                    **Pro Se Debtor/Plaintiff.** | **Case No.: 20-22057-SHL**<br><br>**(Chapter 13)**<br><br>**Assigned to: Hon. Sean H. Lane**<br>**Bankruptcy Judge** |

## <u>COMPLAINT</u>

I, **Ahmed H. Zubair**, (hereinafter "Plaintiff"), submit this Complaint against **Fay Servicing, LLC as servicing agent for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Hilldale Trust** (hereinafter "Defendants") as part of my ongoing Chapter 13 Bankruptcy filing under Case No. 20-22057-SHL to protect my residential home, the real property commonly known as 90 Bruce Avenue, Yonkers, NY 10705.

1.    This is an action under the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. §1692a, et seq.

The FDCPA prohibits the following:

i)    False Statements and Deceptive Practices: Using deception, misrepresentation or lies to collect on a debt.

ii)    Collection of Debts Not Owed: Collecting on debt that was already settled or was discharged in bankruptcy; collecting on a debt that was never owed (in the case of identity theft).

iii)    Collection of Old Debts: Collecting on a debt or threatening suit on debts that have been in default for more than four years.

iv)    Making Improper Reports to Credit Agencies: Posting debts to credit reporting agencies that they cannot collect on (post-foreclosure deficiencies, etc.).

v) Failure to Cease Communication on Request: Continuing to contact or harass customers who have told them orally or in writing to cease communication.

## JURISDICTION

2.      Jurisdiction in this case is founded upon 15 U.S.C.1692k which grants this Honorable Court jurisdiction to hear this action without regard to the amount in controversy.

3.      This Court has jurisdiction over case as an adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. §523. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

4. Plaintiff has standing to bring this action.

## PARTIES

5.      Plaintiff is Ahmed H Zubair, *a sui juris* and the *Pro Se* plaintiff in this action.

6.      Defendant, Fay Servicing, LLC as servicing agent for Wilmington Saving Fund Society d/b/a Christiana Trust as trustee for Hilldale Trust the alleged creditor.

7.      Defendant, Fay Servicing, LLC's counsel, Courtney R. Williams, Esq.

8.      Defendants Dansler Dover, Antonio Delao, Kendall Reid, and ShaRon Cotton Grant the employees of Fay Servicing, LLC.

9.      All Defendants herein are mortgage servicers, real property liquidators and/or Trustees of trusts engaged essentially in debt collections and money laundering through and under different layered financial corporations or entities.

## FACTS

10.     On January 10, 2020 ("Petition Date"), Plaintiff filed a Chapter 13 proceeding in the United States Bankruptcy Court, Southern District of New York, White Plains, assigned to Hon. Sean H. Lane, Bankruptcy Judge.  Plaintiff continues to be in possession of the estate, specifically, the property located at 90 Bruce Ave, Yonkers, NY 10705, (hereafter the "Property").

11.     Defendant, Courtney R. Williams, Esq., as counsel for the alleged servicing agent for the purported creditor Hilldale Trust has filed a motion for relief from automatic stay for real property as the alleged "Alleged Creditor".

12.     Plaintiff filed an opposition and an amended opposition to the Defendant's Motion for Relief from Automatic Stay.

13.     Defendant, Courtney R. Williams, Esq., as counsel for the alleged servicing agent for the purported creditor Hilldale Trust has filed Form 410 and 410A (Proof of Claim) as a Alleged creditor.

14.     Plaintiff filed an objection to said Proof of Claim.

15.     Plaintiff's original lender is Bank of America.

16.     All Defendants herein are mortgage servicers, real property liquidators, and/or Trustees of trusts engaged essentially in debt collections and money laundering through different layers of financial corporations or entities.

17.     Defendant, Courtney R. Williams, Esq., has misrepresented her client's interests in the alleged loan by filing manufactured documents to purport standing by filing a falsified proof of claim and motion to lift the automatic stay.

18.     Defendants Dansler Dover, Antonio Delao, Kendall Reid, and ShaRon Cotton Grant of Fay Servicing, LLC have systematically misinformed, deceived, and blackmailed Plaintiff from 2017 to 2019, including while in loan modification and short sale processes contracts.

19.     Defendants Antonio Delao, Kendall Reid, and ShaRon Cotton Grant of Fay Servicing, LLC withheld insurance information from Plaintiff and obstructed Plaintiff in filing for house damage and vandalism losses.

20.     Fay Servicing, LLC obstructed Plaintiff in filing for insurance claim for house vandalism and damages by withholding pertinent insurance information.

21.     All Defendants herein, as per their coordinated in their efforts to defraud Plaintiff broadly fit under the debt collector's role as defined by the FDCPA, 15 U.S.C. §1692a(6).

22.     All Defendants herein claim to somehow represent and have an alliance with a purported creditor which, in fact, does not exist and thus far has abstained from revealing its true legal and physical identity, if any.

23.     Despite lack of proof of actual payments to Bank of America for its original loan to Plaintiff, Defendants claimed to somehow have directly or indirectly purchased rights to the loan papers from Bank of America and identified themselves as parties holding interest in Plaintiff's house and continued to pursue auctioning Plaintiff's home with documents that are clearly not copies of the originals.  It is not known as to how much money the original lender and defendant, Bank of America collected from loan insurance company.

24.     Fay Servicing, LLC claimed to be the enforcement and collection arm of the hidden investor and refused to divulge the details of the so-called investor from mid-2017 to present. As such, Fay Servicing, LLC is a debt collector under the FDCPA.

25.     Present claim by Courtney R. Williams, Esq. on behalf of Fay Servicing, LLC to represent the alleged creditor is a total misrepresentation of facts, since Courtney R. Williams, Esq. has not provided a Power of Attorney executed by a representative of the alleged creditor, Hilldale Trust.

26.     All actions by Courtney R. Williams, Esq., as its counsel, are in furtherance of Fay Servicing, LLC's pecuniary interests and not those of the alleged creditor, Hilldale Trust.

27.     The actions of Courtney R. Williams, Esq. constitute misrepresentation by purporting to represent an entity without a Power of Attorney or any other proper authority to do so.

28.     The actions of Courtney R. Williams, Esq. further constituted the illegal practice of law by submitting a copy of a copy of a copy of the alleged original Note with her submission of motion to lift automatic stay in the underlying Chapter 13.

29.     Courtney R. Williams, Esq. has not disclosed as to how much was Bank of America was paid off to buy the debt approximating $460,000.00.

30.     The alleged ~~"Secured Cc~~reditor" Hilldale Trust purportedly operates under trusteeship of Wilmington Savings Fund Society d/b/a Christiana Trust for the purpose of keeping its financial dealings and money laundering undetectable to the public eye. The remoteness and layering arrangement of these entities with Fay Servicing, LLC as their operating front makes it nearly impossible for homeowners to defend their homes from auction.

31.    Historically, Wilmington Savings Fund Society routinely identifies itself as trustee of Hilldale Trust without providing valid evidence.

32.    Defendant, Fay Servicing, LLC as servicing agent for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Hilldale Trust ("Creditor") represented by its attorney Courtney R. Williams, Esq. of Gross Polowy, LLC in fact has not established itself as a real party in interest before this bankruptcy court.

32.    Upon information received, Fay Servicing, LLC and the remaining Defendants herein have acted to conspire to defraud multiple unsuspecting judgment plaintiffs out of hundreds of thousands of dollars in foreclosure actions and as such, the said actions as stated herein above, are not bona fide errors or unintentional conduct.

33.    Defendants have violated FDCPA  §§1692d, 1692d and 1692f.

34.    In violation of FDCPA [15 USC 1692e] 807(2)(a), Defendant Fay Servicing, LLC asked Plaintiff to pay more than the value of the house and misinterpreted the debt amount in its offer of loan modification.

35.    In violation of FDCPA [15 USC 1692f] 808(1), Fay Servicing, LLC, added interest in its offer of loan modification or fees that the original loan arrangement did not allow.

36.    In violation of FDCPA [15 USC 1692d] 806(1) & 806(2), Fay Servicing, LLC, sent its agent who threatened to forcefully enter Plaintiff's property and teach Plaintiff a lesson, and also threatened to use violent activities against Plaintiff.

37.    This court is requested to enjoin all Defendants from enforcing this debt.

38.    This court is further requested to sanction Courtney R. Williams, Esq. for the unauthorized practice of law and to enjoin future conduct of a similar nature.

39.    All above paragraphs relevant hereto are incorporated herein by reference.

40.    In violation of FDCPA [15 USC 1692e] 807(5), Fay Servicing, LLC, and its manager Kendall Reid threatened to seize Plaintiff's property.

41.    Defendants' actions amount to common law fraud upon the Plaintiff.

42.    Defendants' misrepresentation of facts and submission of invalid documents is equivalent to fraud on the Court and warrants exemplary strictest prosecution compounded with punitive damages.

43.    Defendants' actions in this case have been consistently premeditated, malicious, fraudulent, and outrageous and hence entitle the Plaintiff to punitive damages, as well as emotional distress and professional damages.

44.    Plaintiff is forced to file *Pro Se* because of high expenses incurred in the past multiple bankruptcies arising due to deceit by Fay Servicing, LLC. Hence Plaintiff hereby requests this Honorable Court to direct for reimbursement fees from the Defendants to retain appropriate legal counsel, at the rate of approximately $800 per hour.

WHEREFORE, Plaintiff demands judgment jointly and severally against the Defendants herein for:

a.    Actual damages

b.    Statutory damages

c.    Punitive damages

d.    For costs, interest, attorney's fees

e.    Financial damages relating to adverse effect on career

f.    Emotional distress damages

g.    Professional financial past and future potential damages

h.    investigation of actual amount of money collected by original lender and defendant, Bank of America, from loan insurance company and alleged creditor.

i.    For an injunction against future conduct as enumerated herein

j.    and such other relief that the court feels just and proper.

## DISCUSSION

**A.    FAY SERVICING, LLC AS SERVICING AGENT FOR WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR HILLDALE ("ALLEGED CREDITOR") REPRESENTED BY ITS ATTORNEY COURNEY R. WILLIAMS OF GROSS POLOWY, LLC, IN FACT, CANNOT ESTABLISH THAT IT HAD THE RIGHT TO FORECLOSE, CONVEY TO ITSELF THE TRUSTEE'S DEED, OR TO PROSECUTE THE UNLAWFUL AUCTION SCHEDULING AUCTIONS FOR SALE OF PROPERTY AND TO PROSECUTE THE MOTION FOR RELIEF FROM STAY.**

45.    A longstanding and unchanged bedrock principle in American jurisprudence holds that a mortgagee has no rights without the note. Carpenter v. Longan, 83 U.S. 271, 274, (1872) ("the note and mortgage are inseparable…, the assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.")

46.    In this case, the blank and undated endorsement of the note proves the note did not follow the deed of trust per the recorded chain of ownership of subject lien.

47.    The redacted portions of the loan documents submitted defendant is proof defendant's ulterior motive to mislead Court by hiding pertinent information.

48.    The defendant has not presented any piece of valid evidence to support standing as the true and current creditor and even less as the real party of interest. Therefore, defendant cannot establish a right to foreclose, and more importantly, that defendant has the right to seek the Motion before the court. In short, defendant Fay Servicing, LLC as servicing agent for Wilmington

Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Hilldale

Trust ("Alleged Creditor"), holds absolutely no beneficial interests in Plaintiff's original mortgage.

## B. LACKS STANDING

49.    It is also important to distinguish the "real party in interest" requirement from
standing.   Standing is constitutional requirement, grounded in Article III.2   The "real party in
interest" requirement, on the other hand, is generally regarded as one of many "prudential"
considerations that have been "judicially engrafted onto the Article III requirements for standing."
In re Village Rathskeller, 147 B.R. 665, at 668 (Bankr. S.D.N.Y. 1992).3   To seek relief in federal
court, a party "must meet both constitutional and prudential . . . requirements." Morrow v.
Microsoft Corp. 499 F.3d 1332, 1339 (9th Cir. 2007); see also In re Village Rathskeller, Inc., 147
B.R. at 668 (citing Warth v. Seldin, 422 U.S. 490, 498 (1975) for the proposition that "[t]he concept
of standing subsumes a blend of constitutional requirements and prudential considerations"). To
satisfy one does not necessarily mean that the other is satisfied: a party may have standing – having
suffered an "injury in fact" – but this may not make it the real party in interest. See, e.g., Whelan
v. Abell, 953 F.2d 663, 672 (D.C. Dir. 1992). Conversely, a party may be the real party in interest,
but lacks standing.  As set forth in this opposition, defendant is not a real party in interest, nor an
assignee, nor authorized to foreclose, and thus, has no standing.

## C.  ORIGINAL LENDER BANK OF AMERICA'S AND DEFENDANT'S SIMILAR STRATEGIES OF DENIAL OF LOAN MODIFICATION

50.    With the ongoing nationwide frauds being committed by banks across USA in mid
and late 2000s, Bank of America strong armed Plaintiff into signing an exorbitantly high rate of
6.375% refinance loan in 2007, which was significantly higher than contemporary rates.  Plaintiff
was forced to sign at high rate with Bank of America to avoid entering into adjustable rate at
expiration of his three-year fixed rate with HSBC from 2005 to 2008.  Soon after closing in 2007,
Bank of America advised Plaintiff to miss threee consecutive payments to qualify in the Obama
administration backed HAMP Loan Modification Program.  After Plaintiff complied, Bank of

America continuously rejected Plaintiff's requests and applications for Loan Modifications. Plaintiffs Loan Modification applications were rejected at least two to three times in 2011 and 2012 despite having filed thru Plaintiff's attorney Robert Reda's office. Since 2017, Defendant Fay Servicing LLC has followed same strategy of non communication and denial to reject Plaintiff's Loan Modification applications in violation of Plaintiff's right to Fair Housing laws.

51.     Historically defendant Fay Servicing is a violator of consumer rights, consumer protection laws and federal laws. During about same time as defendant has been claiming interest in Plaintiff's Property, the **Consumer Financial Protection Bureau** fined defendant **Fay Servicing** more than $1 million for "illegal foreclosure practices" in 2017[1]. Plaintiff was victim of same violations committed by defendant as discovered by CFPB it its investigation of defendant Fay Servicing. Defendant Fay Servicing illegally launched and moved forward with the foreclosure process while Plaintiff was actively seeking help to save his house and defendant engaged in the practice of "dual tracking." Defendant Fay Servicing violated the bureau's mortgage servicing rules related to Plaintiff's foreclosure rights. Contrary to CFPB's mortgage servicing rules that stipulate servicers to keep Plaintiff informed about requirements, options, and rights throughout the process of applying for foreclosure relief/Loan Modification, defendant did not comply with same. Additionally, the defendant did not provide protections from foreclosure proceedings during the application process to Plaintiff. Defendant kept Plaintiff in the "dark" about his foreclosure prevention options. Defendant Fay Servicing violated federal rules in several ways, one of which was by keeping Plaintiff in the dark by withholding pertinent information in form of sending acknowledgement notice/s upon receipt of application for Loan Modification from Plaintiff, whether and what additional documents or information were required from Plaintiff to

---

complete the application in a timely fashion. Defendant violated federal rules by not providing an evaluation notice spelling out what foreclosure relief options they were offering, the deadline to accept or reject the offer, and the rights Plaintiff had to appeal the defendant's decision to deny certain types of relief. Defendant acted in such manner force plaintiff to deprive plaintiff of his house.

### D. DEFENDANT'S CONRADICTORY ACTIONS IN ASSERTING INTEREST IN THE PROPERTY AS A VACANT HOUSE FOR WINTERIZING WHILE VIOLATING NEW YORK STATE ZOMBIE LAWS IN MAINTAINING AND SECURING THE PROPERTY

52.     Contrary to claim of defendant to have servicing rights over the Property, defendant did not comply with Sections 1308 and 1310 of the New York Real Property Action and Proceedings Law (RPAPL) which obligates mortgagees and servicers to assume certain responsibilities in connection with vacant and abandoned residential properties securing mortgage loans in their portfolios. Among these responsibilities are the duty to inspect properties securing delinquent loans and to register properties that meet the statutory definition of vacant and abandoned with the Department of Financial Services. Defendant violated this requirement to avoid liability of maintaining and securing the Property, albeit on the other hand, defendant engaged MCS 360 Contracting's services to winterize Property when no such service/s was/were needed. Defendant acted in such manners to create a claim in the plaintiff's property.

53.     Defendant Fay Servicing at same time, resorted to accruing fictitious billing by hiring winterizing contractor MCS 360 Contracting to create documentation of abandonment of Property by Plaintiff and increase amount chargeable to Plaintiff's account to make it even harder

for Plaintiff to come to any reasonably negotiable dollar amount, albeit without disclosing itemized bill to plaintiff.

54.    Defendant, Fay Servicing, LLC's, agent contractor MCS 360 Contracting created access points for thieves by breaking in Plaintiff's locks and not securing the Property properly.

55.    Defendant violated fair market laws by billing for services by contractor when in fact the service/s were not needed in the first place since the plumbing, heating and electric fixtures and equipment were already vandalized and stolen.

56.    In violation of Sections 1308 and 1310 of the New York Real Property Action and Proceedings Law (RPAPL), defendant made no efforts to remedy sanitation violation tickets issued by Yonkers City Dept of Sanitation.

57.    Despite reports from plaintiff to defendant of theft and vandalism of property, defendant took no action in securing the Property.  Defendant did not cooperate with plaintiff in his endeavors to help Yonkers Police Department prosecute thieves and trespassers when three of them were apprehended by Yonkers Police in 2018.

58.    Above actions of defendant again are proof of defendant's sole intention to devalue the Property to the disadvantage of plaintiff and force plaintiff to lose by not contesting defendant's false claims.

**E.    DEFENDNAT'S REFUSAL TO SHARE DETAILS OF FORCE PLACED INSURANCE AND LACK OF COVERAGE AND DEFENDANT'S INTENTIONAL NON COPERATON IN HELPING PLAINTIFF FILE DAMAGES CLAIM WITH INSURANCE COMPANY**

59.    Upon plaintiff's request to defendant to provide details of the purported force placed insurance purchased by defendant on behalf of the plaintiff, defendant did not cooperate in any meaningful way to realize the efforts of plaintiff to file damages claim to fix the Property after it was vandalized.

**F.    RESPONSES TO DEFENDANT'S ALLEGATIONS IN ITS MOTION TO TERMINATE THE AUTOMATIC STAY GRANTED TO PLAINTIFF AS PER US BANKRUPTCY LAWS, ESPECIALLY AGAINST A DEBT FOR WHICH THE PLAINTIFF HAD ALREADY BEEN ABSOLVED OF**

60.    In reference to Para 4 of defendant's MOTION FOR TERMINATION OF AUTOMATIC STAY, Bank of America obtained a judgement of foreclosure and sale against the plaintiff fraudulently by systematically rejecting plaintiff's loan modification applications from 2009 to 2012 and 2013.

61.    In 2008-2009, during Obama Administration, Bank of America committed nationwide fraud of insuring loans with FHA Insurance and promoted 90 days delinquency by misinforming homeowners like me.  I am victim of same fraud in which Bank of America first coaxed me to create a 90 days delinquency and then refused to approve my loan modification under HAMP.  Bank of America received the funds from FHA Insurance and then sold the note and deed of trust as well in which my house was one of them. It was millions and millions of taxpayer money stolen not to mention 20mm homes as well in unlawful foreclosures.

62.    On LOAN DOCUMENT, Bank of America falsely listed my house under NEW YORK FIXED RATE FOR SINGLE FAMILY instead of THREE FAMILY category to avoid strict lending regulations and subsequently defrauded me.

63.    In reference to Para 6 of Defendant's MOTION FOR TERMINATION OF AUTOMATIC STAY, Fay Servicing LLC advised plaintiff to let the Chapter 13 filing lapse so that Fay Servicing, LLC can process a fresh Loan Modification application.  After the dismissal, Fay Servicing, LLC refused to offer Loan Modification based on actual market valuation of the house thereby making it further difficult for the Plaintiff and depriving the Plaintiff of rules under fair housing.

64.    In reference to Paragraphs 7 & 8 of Defendant's MOTION FOR TERMINATION OF AUTOMATIC STAY, Fay Servicing LLC again deceived Plaintiff by suddenly rushing to schedule auction in August of 2018 while midway in the submission process of short sale documents.  In the months and days and hours preceding Fay Servicing, LLC's scheduling of Auction date, Plaintiff was in constant touch with Fay Servicing, LLC and was taking all actions for short sale documents submission and application as per instructions of Fay Servicing, LLC, still Fay Servicing, LLC deceived Plaintiff and forced Plaintiff to file Chapter 13 again in 2018. Manager Kendall Reid of Fay Servicing, LLC even advised Plaintiff to trust him and allow for time to lapse so the Auction could take place and Plaintiff be deprived of his equity in the house.

65.    In reference to Para 8 of Defendant's MOTION FOR TERMINATION OF AUTOMATIC STAY, subsequent to filing of Chapter 13 for the second time, Plaintiff again reinitiated the process of short sale while in bankruptcy based on instructions from Fay Servicing, LLC.  During this period Fay Servicing, LLC performed its own home appraisal for the short sale and advised Plaintiff's attorney to advertise house for sale at a pre-determined price.

66.    During this period Fay Servicing, LLC even intimidated and trespassed thru its agents and forced Plaintiff to let his Chapter 13 filing lapse for second time.  As soon as Plaintiff

let the bankruptcy filing lapse upon advice from Fay Servicing, LLC, represented by Defendant, Fay Servicing stopped communication and abandoned the short sale thereby causing heavy financial losses to both Plaintiff and the short sale buyer.

67.    In response to Paragraphs 9 & 10 of Defendant's MOTION FOR TERMINATION OF AUTOMATIC STAY, thru out the life of the original loan and up until the bankruptcy filing now, Bank of America, Fay Servicing, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust and Hilldale Trust represented by the Defendant have misinformed and refused Loan Modifications, used unrealistically gouged up valuations and even abandoned short sale process after promising to complete same outside of bankruptcy filings.

68.    In response to Para 11 & 12 of Defendant's MOTION FOR TERMINATION OF AUTOMATIC STAY, Plaintiff was deceived by Fay Servicing, LLC represented by Defendant, by false promises of Loan Modification at fair market value and misinformation of deadline dates and abandoning of short sale process despite having a credible short sale buyer during the years 2017, 2018 and 2019.

69.    In response to Para 20 of Defendant's MOTION FOR TERMINATION OF AUTOMATIC STAY, Defendant caused delays by false promises of Loan Modifications, unrealistically gouged up above market valuations, abandoning from short sale processes.

70.    In response to Paras 24 of Defendant's MOTION FOR TERMINATION OF AUTOMATIC STAY, the Defendant's reference to Alleged Creditor is false.  Bank of America, Fay Servicing, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust and Hilldale Trust have caused irreparable injury and loss to Plaintiff.  Defendant is not knowledgeable of full facts

and losses caused to Plaintiff by Bank of America, Fay Servicing, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust and Hilldale Trust.

71.    In response to Paras 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25 & 26 of Defendant's MOTION FOR TERMINATION OF AUTOMATIC STAY, the Defendant is misleading the Court about the reasons and history of bankruptcy filings by Plaintiff when in fact, the lies, deceptions and misleading of the entities represented by Defendant - Bank of America, Fay Servicing, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust and Hilldale Trust are the real primary causes of subsequent bankruptcy filings by Plaintiff. Defendant lured Plaintiff out of bankruptcy protections in 2018 and then renegaded from its promise of completing short sale despite having a credible short sale buyer within the negotiating price range of Defendant. Defendant abandoned the short sale process midway because Defendant does not have standing and Defendant is not the real party of interest.

72.    While the Short Sale process was in progress, on Jan 3rd 2019, suddenly Defendant Fay Servicing's agent Dansler Dover instructed Plaintiff via email to re advertise the Property for sale at $340,000.00 within 14 days and threatened that the borrower's foreclosure protection will be removed otherwise. Plaintiff made many good faith efforts but in vain.

73.    On January 4, 2019, morning Defendant's agent confirmed on phone to Plaintiff that the 14 days advertisement period is not needed if Plaintiff submits offer of $300,000.00 for acceptance. Plaintiff informed his attorney accordingly and acted thru his attorney. In retrospect, it is evident that Defendant changed its communication channels from email to phone to suit its conflicting instructions and keep Defendant's communications non recordable or close to non-recordable.

74.    Then immediately after, while still in process of short sale, Defendant stopped communication via phone and email and Plaintiff received a Rejection Letter in mail dated Jan 8th 2019 from Defendant falsely stating the Plaintiff failed to have an approval of his offer.

75.    As can be seen by Defendant's rushed communications, threats of taking away foreclosure protections after coaxing Plaintiff to let his Chapter 13 lapse, misleading information of acceptance of conflicting orders of $340,000.00 via email and then of $300,000.00 via phone and subsequent rejection letter by mail, while omitting to state Plaintiff's offer amount in exact dollar value on hard copy mail letter.  Defendants created smoke and screens in their attempts to legitimize Defendant's deceiving ways of rejecting Plaintiff's offer.  From all these actions, Defendant's objective of dragging the foreclosure process long enough to tire the Plaintiff and force Plaintiff to abandon the Property is clearly evident contrary to Defendant's claim in Paras 7 & 8 of the motion to lift automatic stay.

76.    Attorney Courtney R. Williams, Esq. of Defendant is not knowledgeable of the lies, deceptions, fraud, misleading information and fraud committed by Defendant Fay Servicing, LLC as servicing agent for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Hilldale Trust ("Alleged Creditor"), Bank of America and BSI Financial Services and MCS 360 Contracting Services.

77.    Attorney Courtney R. Williams, Esq. representing Defendant is not knowledgeable of full facts and losses caused to Plaintiff by Defendant Fay Servicing, LLC as servicing agent for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Hilldale Trust ("Alleged Creditor"), Bank of America and BSI Financial Services and MCS 360 Contracting Services.

78.    In reference to Para 26 of Defendant's MOTION FOR TERMINATION OF AUTOMATIC STAY, from the Defendant's language it is evident that reference to Plaintiff's gender, is simply drawn from a "cut and paste" copy job derived from one of its many run of the mill motions that Defendant and Defendant's attorney is filing all across USA in their larger scheme of defrauding home owners.  Defendant is driven by desire to defraud Plaintiff and cause loss to Plaintiff.

79.    After the vandalism and thefts, occurring during Defendant's claims of interest in the Property, what remained of the house was and is a shell house, and still Defendant tried to force Plaintiff to re sign a loan of about $460,000.00 which is way above the market value of the house.  Defendant even surpassed its own evaluation of about $340,000.00 t0 $ 360,000.00 when offering the Loan Modification at about $ 460,000.00.  Even the uninspected and unadjusted value as per TAX BILL from City of Yonkers for period July 2020 to June 2021 is $ 369,158 which is way below the amount Defendant has offered the Loan Modification.  Defendant's intentions have been clear along in its objective to defraud Plaintiff and deprive Plaintiff of his rights guaranteed to Plaintiff under the federal **Fair Housing Act**, passed as part of the Civil Rights **Act** of 1968.

80.    By not modifying the loan offer to match a realistic market value of the house of about $ 150,000.00 max in 2018, the Defendant tried to force and reassign the original debt of about $460,000.00 to the Plaintiff.

81.    Defendant has consistently tried to create an impression of its compliance with the laws while in fact making it difficult for Plaintiff to come to any meaningful resolution.  Defendant is driven by its sole intention to defraud the Plaintiff and cause loss to Plaintiff and steal the Plaintiff's only primary residence.  Historically, Plaintiff has tried many times to reason with

Defendant to bring about a meaningful resolution, but Defendant has consistently either remained silent or confused Plaintiff with conflicting information and making Plaintiff lose time and cross deadline dates.

82.    The Defendant consistently tricked Plaintiff, twice during 2017 and 2018, by remaining in active consultations with Plaintiff and advising and engaging Plaintiff to effectively delay responding to his Chapter 13 filings thereby resulting in dismissals.  Defendant historically ensured the dismissals by giving bad advice and false promises of Loan Modification and Short Sale to Plaintiff.  Defendant successfully deprived Plaintiff of his protections guaranteed under US Bankruptcy Laws by effective moving the matters away from the watch of the Court appointed Trustees.  Each time Defendant proceeded to schedule Auction dates to surreptitiously steal the property and deprive and defraud the Plaintiff.

83.    On several occasions, Defendant employed its agent MCS 360 Contracting to winterize the house, when in fact the plumbing fixtures and HVAC systems were vandalized and stolen already.  Each time MCS 360 Contracting entered broke my locks and entered the house, they intentionally left many unsecure points open for thieves for vandalism.

84.    Defendant intentionally used its agent MCS 360 Contracting to fabricate a history of abandonment of Property and cause damage to the property with the sole intention to drive Plaintiff away and cause loss to Plaintiff.

85.    The thefts and vandalism took place under Defendant's watch from 2017 till late 2019 during which period Plaintiff informed Defendant of the thefts and of involvement of Yonkers Police Department in apprehending three thieves and trespassers on one occasion. Defendant never cooperated in securing the property.

86.    In response to Para 27 of Defendant's MOTION FOR TERMINATION OF AUTOMATIC STAY, the Proposed Order submitted by Defendant, is false as it is preposterously misinforming the Court that Defendant will appear before the Court on September 9, 2020, while Plaintiff will not show up.  The prediction made by Defendant that Plaintiff will not appear before the Court is proof of Defendant's ill intentions to stop Plaintiff from reaching the Court on Sept 9, 2020.

87.    Defendant is seeking to influence the Court to lift the automatic stay by its premeditated intentions of stopping the Plaintiff from appearing before the Court.

88.    Defendant's intent to forcefully stop Plaintiff from appearing in Court on Sept 9, 2020 is evident from the preplanned PROPOSED ORDER.  Plaintiff hereby prays to this Court to provide protection from Fay Servicing LLC during all of Plaintiff's Court visits.  Based on the PROPOSED ORDER entered by Defendant, Plaintiff is fully convinced of intentions of Defendant to stop Plaintiff from appearing in person in front of the Court.  In the past, Defendant flexed their muscles by sending its agent/s masquerading as Home Appraiser/s without bona fide credentials of a qualified Home Appraiser, who trespassed Plaintiff's property and cursed and threatened Plaintiff.  Defendant is known to strongarm its away into many of its servicing properties thru its contractors and agents across USA and is known to employ rude and belligerent employees.  Based on filings of defendant, Plaintiff has credible fear from Defendant.  Forced entry and trespassing by Defendant has been informed in a separate Federal Court case against the Defendant.

### III. CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, the court should deny Defendant's motion.  THEREFORE, Plaintiff respectfully requests the Honorable Court to deny the Defendant Fay Servicing, LLC as

servicing agent for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not

individually but as trustee for Hilldale Trust (Alleged Creditor) the motion for relief of stay in the

case of caption and grant Plaintiff all such relief prescribed in law, including but not limited to

protection of Plaintiff from Defendant.

Respectfully,

By: _____
        AHMED H ZUBAIR

DATED: _____09-17-2020_____

.

REFERENCES

2 Article III of the Constitution limits the judicial power of the United States to the resolution of cases and controversies. Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, 454 U.S. 464, 484, (1982); see also Morrow v. Microsoft Corp. 499 F.3d 1332, 1339 (9th Cir. 2007). This constitutional restriction is enforced by the minimum requirement that a "party who invokes the court's authority...show that he suffered some actual or threatened injury," Matter of Village Rathskeller, Inc., 147 B.R. at 668 (citing Valley Forge, 454 U.S. at 464), that the injury be "fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Morrow, 499 F.3d at 1339 (citing Hein v. Freedom Religion Found., Inc., --- U.S. ----, 127 S.Ct. 2553, 2555-56, 168 L.Ed.2d 424 (2007)). "These requirements have been described as the injury in fact, traceability, and redressability inquiries." Id. "An actual or threatened injury exists when a party's pecuniary interest may be affected by the outcome of a determination." Matter of Village Rathskeller, 147 B.R. at 668 (citing United States v. Little Joe Trawlers, Inc., 780 F.2d 158, 161 (1st Cir. 1986).

3 Of these considerations, two are of particular relevance to a party who invokes a court's authority to grant relief from the automatic stay under 11 U.S.C. § 362(d). See id. at 668-69. First, the party seeking relief "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Valley Forge, 454 U.S. at 760 (citing Warth v. Seldin, 422 U.S. 490, 501 (1975); Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 100 (1979) (emphasis supplied); Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 U.S. 59, 80 (1978); Singleton v. Wulff, 428 U.S. 106, 113-114 (1976)). Second, "the plaintiff's complaint [must] fall within 'the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.'" Valley Forge, 454 U.S. at 475 (citing Association of Data Processing Service Orgs. v. Camp, 397 U.S. 150, 153 (1970); Gladstone, 441 U.S. at 100; Duke Power Co., 438 U.S. at 80). Both of these considerations are incorporated into Rule 17's requirement that an action be prosecuted "in the name of the real party in interest." See Ensley v. Cody Resources, Inc., 171 F.3d 315, 320 (5th Cir. 1999). standing. See, e.g., Davis v. Yageo Corp., 481 F.3d 661 (9th Cir. 2007).